**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE COLOCCIA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT H. TAFF, ESQ. and TAFF, DAVIES & KALWINSKY, LLC,<br><br>Defendants. | Civil Action No. 25-15787 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendants Robert H. Taff, Esq. and Taff, Davies & Kalwinsky, LLC's Motion to Remand. (ECF No. 25.) Plaintiff opposed, and Defendants replied. (ECF Nos. 29, 30). The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **DENIED.**

## I. BACKGROUND[1]

### A. Plaintiff's Federal Complaint

This is a legal malpractice action stemming from the drafting of a will by Defendant Robert H. Taff for Plaintiff's now-deceased father, Anthony T. Coloccia (Decedent). (ECF No. 1 ¶ 1.)[2]

Plaintiff alleges that she and her sister Susan Thornton[3] retained Taff to undertake estate planning for Plaintiff's family. (*Id.* ¶ 16.) Plaintiff and her sister paid all of Taff's fees. (*Id.* ¶ 18.) In 2013, Taff drafted a will for Decedent that created a trust to provide care for Decedent's wife, should Decedent predecease her. (*Id.* ¶ 22, 25; ECF No. 1-1.) Plaintiff alleges that the will also provided that, after Decedent and his wife both died, Decedent's estate would be shared by his two daughters, Plaintiff and Susan. (ECF No. 1 ¶ 2, 22.) Decedent's estate included real estate, bank accounts, and stocks in Technical Engineering Service Corporation (TESC), Decedent's company. (*Id.* ¶ 22.) The 2013 will also designated Plaintiff and Susan as co-trustees and co-executors. (*Id.* ¶ 23; ECF No. 1-1 at 5.)

Plaintiff alleges that Taff failed to advise her and her sister that their interests were potentially adverse to one another's and to Decedent's, and that they had a right to consult with independent counsel. (*Id.* ¶ 20.) Plaintiff further alleges that Taff failed to provide her and her sister with a written conflict waiver. (*Id.*) Finally, Plaintiff contends that Taff failed to prepare a retention agreement for the estate planning work he undertook. (*Id.* ¶ 18.)

---

1 As discussed below, the Court construes Defendants' Motion to Remand as a Motion to Dismiss under Rule 12(b)(7). Thus, the Court accepts all allegations in the complaint as true. *Develcom Funding, LLC v. Am. Atl. Co.*, Civ. No. 09-1839, 2009 WL 2923064, at *2 (D.N.J. Sept. 9, 2009).

2 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3 Plaintiff's sister Susan passed away in 2015. (ECF No. 1 ¶ 32.)

Plaintiff alleges that she and Susan expressed to Taff concerns that Decedent might make further changes to his will, and Taff drafted a contract (Contract) wherein Decedent agreed to not further modify any of the dispositive features of his will. (*Id.* ¶ 3, 25, 27; ECF No. 1-2.)[4]

Plaintiff alleges that, sometime in 2019, Taff, without her knowledge, modified Decedent's estate plan by designating Decedent's brother as the Payable on Death (POD)/Transfer on Death (TOD) beneficiary for the bulk of the assets. (*Id.* ¶¶ 38-39.) Plaintiff alleges that, years later, on January 2, 2024, Taff, Decedent, and Decedent's brother drafted a new will in which the essential terms were materially altered to Plaintiff's detriment. (*Id.* ¶¶ 40-41.) Plaintiff alleges that sometime between January 2, 2024, and June 27, 2024, Decedent's brother paid a substantial retainer fee to Taff to administer Decedent's estate. (*Id.* ¶ 42.)

Plaintiff alleges that, following the death of Decedent on June 27, 2024, Taff opened Decedent's estate with the surrogate court in Ocean County. (*Id.* ¶ 43.) She also alleges that, shortly thereafter, one of Decedent's accounts totaling nearly three million dollars was dispensed to other family members instead of her. (*Id.* ¶¶ 42-46.)

On September 18, 2025, Plaintiff filed this action naming Taff and his law firm as Defendants. (*See id.* ¶ 1.) Plaintiff asserts claims for professional negligence (legal malpractice), breach of contract, and breach of fiduciary duty.[5] (*Id.* ¶ 47-61.)

**B. Christopher Thornton's State Court Complaint**

On February 19, 2026, Christopher Thornton—Plaintiff's brother-in-law and her late sister's husband—filed an Amended Complaint in the Probate Division of the Ocean County

---

[4] Plaintiff alleges that after 2013, Taff attempted to file an action in state court to declare the Contract unenforceable. (*Id.* ¶ 30.)

[5] The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

Superior Court. (*See* ECF No. 29-4 at 2, 24; ECF No. 29-1 at 2.) Thornton's action is brought individually and as administrator of Susan's estate against numerous defendants, including Taff and Taff's law firm. (ECF No. 29-4 at 2-3.) Thorton's eleven-count complaint asserts legal malpractice and breach of fiduciary duty claims against Taff for his representation of Susan in connection with her father's estate. (*See id.* ¶¶ 86-91, 95-100.) Thornton also brings claims including a claim for an inventory and accounting, breach of the covenant of good faith and fair dealing, tortious interference with economic advantage, minority shareholder freezeout, fraudulent conveyance, the violation of two New Jersey statutes, unjust enrichment, and aiding and abetting breach of fiduciary duty. (ECF No. 29-4 ¶¶ 54-85, 92-94.) Some claims are asserted on behalf of Thornton, individually as a shareholder of TESC. (*See, e.g., id.* ¶¶ 69-74; *see also id.* ¶ 70.)

Following the parties' briefing of this Motion, Plaintiff filed a letter informing the Court that Thornton's probate action settled and that Thornton's legal malpractice and fiduciary duty claims would be transferred to the Law Division of the Ocean County Superior Court. (*See* ECF No. 32.)

### C. Procedural History

On February 25, 2026, Defendants filed the instant Motion to Remand. (*See* ECF No. 25 at 1.) However, in support of their Motion, Defendants contend that "dismissal" of this case is appropriate because Thorton is a "required party," but it is not feasible to join him in this action. (ECF No. 25-3 at 10-12.) Based on the Court's review of the Motion, the Court construes it as a motion to dismiss for failure to join an indispensable party under Rule 12(b)(7). *See* Fed. R. Civ. P. 19(b); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 319 (3d Cir. 2007) (defining the conditions under which an absent party is "indispensable"); *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 887 F.2d 460, 463 (3d Cir. 1989) (noting that a court treats a motion based upon its substance, not its form). Indeed, the Court cannot remand this matter because Plaintiff's

Complaint was originally filed in federal court. *Fraternal Ord. of Police, Lodge 1 v. City of Camden*, Civ. No. 10-01502, 2017 WL 1882471, at *3 (D.N.J. May 9, 2017) ("Remand is only available if a plaintiff files his case in state court, and a defendant removes the action to this court." (citing 28 U.S.C. § 1441(a))).

Plaintiff opposed Defendants' Motion, (ECF No. 29), and Defendant replied (ECF No. 30).[6] The Court now turns to the merits of Defendants' Motion.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(7), "a court may dismiss an action for 'failure to join a party under Rule 19.'" *Earle Ref., LLC v. New Vacuum Techs., LLC*, Civ. No. 22-4469, 2024 WL 2749723, at *3 (D.N.J. May 29, 2024); Fed. R. Civ. P. 12(b)(7); *Gen. Refractories Co.*, 500 F.3d at 319. "Dismissal under Rule 12(b)(7) is warranted when the absent party is both necessary under Rule 19(a) and indispensable under Rule 19(b)." *Earle Ref., LLC*, 2024 WL 2749723, at *3. "In reviewing a Rule 12(b)(7) motion to dismiss, the court must accept all allegations in the complaint as true and draw all reasonable inferences therefrom in favor of the non-moving party." *Develcom Funding, LLC*, 2009 WL 2923064, at *2. "The burden to prove that a non-party is both necessary and indispensable to the action falls to the moving party." *Id.*

Federal Rule of Civil Procedure 19 governs compulsory joinder. *See* Fed. R. Civ. P. 19. Rule 19(a)(1) states:

---

[6] Defendants argue for the first time in their reply that this Court should dismiss this matter under the *Colorado River* abstention doctrine. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976); (ECF No. 30.) However, because this argument is raised for the first time on reply, it is "not properly before the Court and need not be considered," and therefore the Court will not consider it. *Morey v. Rodriguez*, Civ. No. 17-56, 2018 WL 2427122, at *2 (D.N.J. May 29, 2018); *Liquid Labs LLC v. U.S. FDA*, 52 F.4th 533, 539 n.6 (3d Cir. 2022) ("We decline to 'reach arguments raised for the first time in a reply brief.'") (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146 (3d Cir. 2017)).

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Third Circuit has identified a three-step inquiry for courts to use when applying Rule 19 in the context of a motion to dismiss for failure to join a party. *See Epsilon Energy USA, Inc. v. Chesapeake Appalachia, LLC*, 80 F.4th 223, 232 (3d Cir. 2023). First, the court must determine whether the absent party should be joined, *i.e.*, whether the party is "necessary." *Thurston L. Offs. LLC v. Rue*, Civ. No. 241533, 2026 WL 1179813, at *3 (D.N.J. Apr. 30, 2026) (citing Fed. R. Civ. P. 19(a)(1)(A), 19(a)(1)(B)); *Epsilon Energy USA, Inc*, 80 F.4th at 232. "If the party is not necessary, the court's analysis stops there, and joinder is not mandatory." *Pa. State Univ. v. Keystone Alternatives LLC*, Civ. No. 19-02039, 2022 WL 4656666, at *2 (M.D. Pa. Sept. 30, 2022). If the party is necessary, the court continues to the second step of the analysis and "considers whether joinder can be effectuated without depriving the court of jurisdiction," *i.e.*, whether joinder is feasible. *Id.*; *Thurston L. Offs. LLC*, 2026 WL 1179813, at *3 (citing *Epsilon Energy USA, Inc*, 80 F.4th at 232). Finally, in step three, if joinder is not feasible, the court must determine "whether 'equity and good conscience' support proceeding with the case or dismissal." *Thurston L. Offs. LLC*, 2026 WL 1179813, at *3 (citing *Epsilon Energy USA, Inc*, 80 F.4th at 232-34).

"If either clause (A) or (B) of Rule 19[(a)(1)] is satisfied, 'the absent party is a necessary party that should be joined if possible.'" *Sinai Ctr. for Rehab. & Healthcare, LLC v. New Jersey Dep't of Health*, Civ. No. 24-9465, 2025 WL 2779033, at *6 (D.N.J. Sept. 30, 2025). "[C]omplete relief" under clause (A) "is determined on the basis of those persons who are already parties, and

not as between a party and the absent person whose joinder is sought." *Resort Assocs., LLC v. United States Liab. Ins. Co.*, Civ. No. 25-2011, 2026 WL 1213410, at *5 (D.N.J. May 4, 2026) (quoting *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996)). As to clause (B), which focuses on the non-joined party's "interest" in the litigation, the claimed interest must be "a legally protected interest in the action; a financial interest is not sufficient." *Antico v. RAM Payment, L.L.C.*, Civ. No. 20-12130, 2022 WL 971724, at *7 (D.N.J. Mar. 31, 2022) (citing *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228, 230 (3d Cir. 2005)).

## III. DISCUSSION

The Court first determines whether Thorton is a necessary party pursuant to Rule 19(a)(1). *See Develcom Funding, LLC*, 2009 WL 2923064, at *2.

Defendants argue that Thornton is a necessary party for several reasons. (ECF No. 25-3 at 10.) First, Defendants assert that Thornton's joinder is necessary because Defendants are parties in Thornton's state court action and disposing of Plaintiff's lawsuit in the absence of Thornton would leave Defendants subject to "a substantial risk of incurring double damages" and inconsistent verdicts. (*Id.*) Defendants also submit that their professional liability insurance policy is treating both legal actions as one "claim" and that there is a limited fund that may be exhausted with competing actions. (*Id.*) Defendants further argue that joining Thorton is not feasible because it would destroy this Court's diversity jurisdiction. (*Id.* at 12.) Finally, Defendants submit that equity and good conscience require dismissal of this action. (*Id.*)

Plaintiff argues that Thornton is not a necessary party under Rule 19(a) and submits that the mere possibility of inconsistent results in separate actions does not make Thorton necessary. (ECF No. 29-1 at 5.) Further, Plaintiff argues that Plaintiff's and Thornton's claims do not arise from the same occurrence. (*Id.* at 6.) Plaintiff submits that her claims arise out of Plaintiff's former attorney-client relationship with Taff, whereas Thornton's claims arise from Thornton's

status as a shareholder of TESC, a company for which Taff acted as an attorney, according to Plaintiff. (*Id.*) Additionally, Plaintiff argues that Defendants' argument that a judgment could exceed the policy limits of their malpractice insurance is irrelevant because a party's financial interest is insufficient to make them a necessary party under Rule 19. (*Id.* at 6-7.) Plaintiff maintains that the malpractice insurance carrier's decision on how to handle claims related to this action is immaterial and that any limits on Defendants' policy are irrelevant because there are no actions or judgments against the insurance carrier itself. (*Id.* at 7.) Plaintiff also argues that Thorton is not an indispensable party under Rule 19(b) and that equity and good conscience weigh against dismissal. (*Id.* 8-9.)

The Court holds that Thornton is not a necessary party under Rule 19. First, assessing joinder pursuant to Rule 19(a)(1)(A), the Court cannot discern, and Defendants do not provide any reason that would prevent this Court from providing complete relief to Plaintiff in this action, even though Thornton is not a party. *See* Fed. R. Civ. P. 19(a)(1)(A). The fact that Thornton is pursuing a separate legal malpractice claim does not by itself deem him a necessary party in this case. *See Allstate Ins. Co. v. LaBrum & Doak*, Civ. No. 88-8448, 1989 WL 51553, at *1 (E.D. Pa. May 12, 1989) (holding that where one client sued its legal counsel for malpractice, another client who could potentially allege malpractice was not a necessary party because the first client had "its own individual and separate malpractice claim"); *In re Paulsboro Derailment Cases*, Civ. No. 13-784, 2014 WL 1214037, at *3 (D.N.J. Mar. 24, 2014) (rejecting the argument that a party was necessary for complete relief and noting that "[w]hen several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others"). Accordingly, the Court finds that Thornton is not a necessary party under Rule 19(a)(1)(A).

The Court further finds that Thornton is not a necessary party under Rule 19(a)(1)(B), which mandates joinder of a party when "that person claims an interest relating to the subject of the action." The risk that Defendant's coverage may be exhausted does not confer upon Thornton an "interest" in this litigation. *Crum & Forster Specialty Ins. Co. v. Strong Contractors, Inc.*, 488 F. Supp. 3d 192, 196 (E.D. Pa. 2020) (holding that "a mere 'financial interest' is not a legally protected interest under" Rule 19(a)(1)(B)). Moreover, Defendants have not demonstrated that disposing of this action without Thorton leaves them with a "substantial risk" of double or inconsistent obligations. They assert that inconsistent verdicts could result from Thornton's case and Plaintiff's but provide few supporting facts besides the fact that the actions are similar. (ECF No. 25-3 at 10; ECF No. 30 at 6.) Defendants' "bare arguments" about inconsistent results "are insufficient to show 'a substantial risk' of multiple or inconsistent obligations." *See Margulis v. Hertz Corp.*, Civ. No. 14-1209, 2015 WL 1969374, at *4 (D.N.J. Apr. 30, 2015).

Accordingly, the Court holds that Defendants have not shown that Thornton is a necessary party requiring joinder under Rule 19. Defendants have not demonstrated grounds for the dismissal of this action pursuant to Rule 12(b)(7).

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion (ECF No. 25) is **DENIED**. An appropriate Order follows.

Dated: October 13, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE